**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DRAPER FRANK WOODYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 26-00172-KD-MU |
| | ) | |
| MICHAEL J. HOYLT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Draper Frank Woodyard, currently a pretrial detainee confined at the Baldwin County Correctional Center, filed a complaint seeking relief under 42 U.S.C. § 1983. (*See* Doc. 1).  Upon review of the complaint and Woodyard's prior litigation history, it is **ORDERED** that this action be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g), because Woodyard did not pay the filing and administrative fee when he filed this action and is barred from proceeding *in forma pauperis.*

The Prison Litigation Reform Act ("PLRA") enacted "to curtail abusive prisoner litigation," *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), includes restrictions on prisoners filing certain civil rights actions in federal courts. In particular, Section 1915 only allows a prisoner to file three meritless suits in federal courts, after which he "must pay the full filing fee at the time he initiates suit." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Specifically, the "three-strikes" provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When the three-strikes provision is applicable, the Eleventh Circuit has established "that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Dupree,* 284 F.3d at 1236. Furthermore, "the prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id*. The only exception to this three-strike rule is when Plaintiff has pled that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Review of federal court records reveals that Plaintiff has filed at least three federal court cases which courts have dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted under § 1915, including *Woodyard v. McClain, et al*., 2021-cv-00336, S.D. Ala. (dismissed Oct. 14, 2022, under Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(i)); *Woodyard v. King, et al*., 2022-cv-00183, S.D. Ala. (dismissed October 31, 2022, under 28 U.S.C. § 1915(e))2)(b)(i)); *Woodyard v. Hoylt*, 25-cv-00183, S.D. Ala. (dismissed Feb. 13, 2026, under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)); *Woodyard v. Nelson, et al*., 2025-cv-00258, S.D. Ala. (dismissed Jan. 12, 2026 under 28 U.S.C. § 1915(e)(2)(B)(i)); *Woodyard v. South Baldwin Hospital, et al*., 2025-cv-00308, S.D. Ala. (dismissed Sept. 10, 2025, under 28 U.S.C. § 1915(e)(2)(B)(i)).[1] Additionally, this Court has recently dismissed multiple cases filed by Woodyard pursuant to the three-strike provision, *see Woodyard v. Bowen, et al*., 2025-

---

[1]     The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center. Fed. R. Evid. 201(b) (providing courts can take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *United States v. Raygoza-Garcia,* 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

cv-00500, S.D. Ala. (dismissed on January 12, 2026); *Woodyard v. South Baldwin Hospital, et al*, 2026-cv-00090 (dismissed on April 10, 2026); *Woodyard v. South Baldwin Medical Group, et al.,* 2026-cv-00099 (dismissed April 10, 2026). Because Plaintiff has previously had three-strikes under § 1915(g), and he did not pay the filing fee when filing this action, his case cannot proceed unless he can show he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

> In determining whether a prisoner has proved imminent danger of serious physical injury, this Court looks to the complaint, construing it liberally and accepting its allegations as true. In so doing, the Court considers whether [the prisoner's] complaint, as a whole, alleges imminent danger of serious physical injury, not whether each specific physical condition or affliction alleged alone would be sufficient. General assertions, however, are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

*Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 2716 (2022) (internal quotations and citations omitted). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, CV 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citing *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). Woodyard has failed to do this, as his complaint allegations relate solely to actions taken in his current criminal case in state court. Such allegations do not demonstrate that he faces imminent danger of serious physical injury or harm. (*See* Doc. 1); *see Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision

3

of 28 U.S.C. § 1915(g)). *See Id.* at 1193 (Plaintiff bears the burden of showing that he was in imminent danger or serious physical injury when he filed his complaint.).

For these reasons it is **ORDERED** that Plaintiff Woodyard's complaint be **DISMISSED without prejudice** pursuant to  28 U.S.C. § 1915(g).

**DONE** and **ORDERED** this **13th** day of **May, 2026**.


s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

4